THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CV-124

| | | |
|---|---|---|
| PAMELA COLLINS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **VERIFIED COMPLAINT; EXHIBITS 1-2** |
| | ) | |
| MANN BRACKEN, LP | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

## INTRODUCTION

This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collections Practices Act (hereinafter "FDCPA"), 15 U.S.C. §§ 1692, *et seq.* which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. The Plaintiff, Pamela Collins, by and through her undersigned attorney, sues Defendant, Mann Bracken, LLP and alleges and says as follows:

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d) and pursuant to 28 U.S.C. § 1367. This Court also has supplemental jurisdiction over the state law claims as those arise from a common nucleus of operative facts.

2. This action arises out of Defendant's violations of the FDCPA and state tort claims in its illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

4. This case is brought within one year of the violations in compliance with the statute of limitations at 15 U.S.C. § 1692k(d) and within the applicable statute of limitations for torts.

## PARTIES

5. Plaintiff Pamela Collins is a natural person who resides in the City of Fayetteville, County of Cumberland, State of North Carolina, and is a "consumer" and/or a person affected by a violation of the FDCPA as defined in 15 U.S.C. § 1692a(3).

6. Defendant is, upon information and belief, a professional corporation and a debt collection law firm with its principal place of business located at Two Irvington Centre, 702 King Farm Blvd., Rockville, Maryland.

7. Defendant operates a law practice within the State of North Carolina with an address of 9930 Kincey Avenue, Floor 3, Huntersville, NC 28078.

8. Defendant is engaged in the collection of debts from North Carolina consumers using the mail, telephone, and/or North Carolina state court system.

9. Defendant regularly attempts to collect consumer debts alleged to be due to another.

10. Defendant was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

11. Plaintiff is a consumer or other person as that term is defined in 15 U.S.C. § 1692 a(3).

12. Defendant filed a debt collection lawsuit, on behalf of its client (LVNV Funding LLC, a purchaser of defaulted debt) against Plaintiff in Cumberland County District Court in North Carolina on October 1, 2008.

13. The alleged debt Defendant was attempting to collect from Plaintiff is a "debt" as that term is defined by 15 U.S.C. § 1692 a(5).

### *Filing a time-barred state collection action*

14. Upon information and belief, the date of last payment and/or charge made by Plaintiff to this account was approximately ten years ago.

15. Defendant filed the state court action outside of North Carolina's three-year statute of limitations.

16. One of the purposes of the FDCPA is to protect the least sophisticated consumer who might pay a time-barred claim rather than assert the defense.

17. It is unconscionable and unfair to file time-barred collection suits and Defendant knew or should have known the collection suit was time-barred if Defendant had conducted the necessary research which Defendant failed to do.

### *Attempt to reach an out-of-court settlement*

18. Plaintiff picked up the state court summons and complaint from the Cumberland County Sheriff's office.

19. The clerk at the sheriff's office informed Plaintiff to contact the debt collector right away to avoid Plaintiff having a credit judgment against her.

20. Plaintiff called Defendant right away.

21. During the course of the telephone conversation in an attempt to collect the consumer debt, Defendant obtained Plaintiff's bank account information and told Plaintiff that she would receive paperwork to review and notarize.

22. Plaintiff never received the paperwork.

23. Subsequently, Plaintiff contacted the undersigned for representation in the debt collection action which Plaintiff disputed owing.

24. Plaintiff filed her Answer in the state court proceeding on December 29, 2008 and included a Rule 6 Motion for Extension of time to consider the Answer timely.

25. Plaintiff scheduled a hearing for the Rule 6 motion in Cumberland County Court for January 6, 2009.

26. At the request of Defendant, the hearing was re-scheduled for February 2, 2009.

27. On or about January 2, 2009, after having served Defendant with Plaintiff's Answer and Motion and discussing the matter on the telephone, the undersigned sent a letter to Defendant's North Carolina counsel expressly revoking any prior permission to draft Plaintiff's bank account. (See Exhibit 1 attached hereto).

### *Letter from Defendant dated on or about January 31, 2009*

28. On or about January 31, 2009, despite having direct knowledge that the undersigned counsel represented Plaintiff, Defendant sent a letter directly to Plaintiff thanking her for her payment. (See Exhibit 2 attached hereto).

### *Withdrawal of money on February 3, 2009*

29. Despite having direct knowledge that permission to draft Plaintiff's account was revoked, Defendant took $920.00 directly out of Plaintiff's account on February 3, 2009. Defendant's officers, directors, and/or managers participated in or condoned this withdrawal of money from Plaintiff's bank account.

30. Until the time the money was taken out of her account, Plaintiff was the sole owner of the money.

31. Until the time the Defendant came into possession of Plaintiff's money by accessing Plaintiff's bank account, Plaintiff was its lawful owner and was entitled to its immediate possession.

32. Defendant was unauthorized to exercise a right of ownership over Plaintiff's account and money.

33. Defendant's action excluded Plaintiff from exercising ownership over her own money.

34. Defendant has thereby deprived Plaintiff of the $920.00 and interest that could have accrued on said amount.

35. Defendant has converted Plaintiff's money for its own use and/or defrauded Plaintiff as it had actual knowledge that permission to withdraw money from Plaintiff's bank account was revoked.

36. Upon learning of the draft from Plaintiff's account, Defendant's North Carolina counsel was notified of the fact that Defendant had taken Plaintiff's money.

37. Despite actual knowledge that Defendant had taken Plaintiff's money after permission had been revoked, to date Defendant has not returned it and continues to deprive Plaintiff of her needed funds and profited in the amount of $920.00 plus interest.

38. Defendant consciously and intentionally disregarded and was indifferent to the rights of Plaintiff to retain her money.

39. Defendant knew or should have known the wrongful withdrawal of funds from Plaintiff's bank account was reasonably likely to result in injury, damage or other harm to Plaintiff.

40. Defendant's illegal collection efforts are highly upsetting to Plaintiff.

41. Plaintiff has suffered actual damages as a result of the illegal collection activities by these Defendant in the form of sleeplessness, anger, anxiety, emotional distress, fear, frustration, humiliation, embarrassment, amongst other negative emotions, as well as incurring legal fees and costs in defense of the state court action and this action.

## TRIAL BY JURY

42. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 *et seq.*

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692c(a)(2), 1692d, 1692d(5), 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), 1692f, 1692f(1), and 1692f(6)(C), amongst others.

45. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) from Defendant; statutory damages in an amount up to $1,000.00 per violation pursuant to 15 U.S.C. § 1692k(a)(2)(A) from Defendant; and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from the Defendant herein.

### COUNT II.

### CONVERSION

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. By its actions, Defendant has committed the tort of conversion.

## COUNT III.

## FRAUD

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. By its actions, Defendant has committed fraud.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered:

1. for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2. for an award of statutory damages of $1,000.00 per violation from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant;

4. for an award of the costs of suit, any discretionary costs as may be allowable by law, pre-judgment and post-judgment interest from Defendant;

5. for an award of compensatory damages against Defendant;

6. for an award of punitive damages against Defendant; and

7. for further relief as the Court deems just and proper under the circumstances.

Respectfully submitted this 26th day of March, 2009.

MARTIN ATTORNEY AT LAW, PLLC

By: ___/s/ Angela O. Martin___
Angela O. Martin, Esq.
NC Bar 34951
Attorney for Plaintiff
Martin Attorney at Law, PLLC
1911 Keller Andrews Road
Sanford, North Carolina 27330
(919) 708-7477, FAX: (888) 872-4232
angela@angelamartinlaw.com